Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland
Nevada Bar No. 10132
Christopher M. Humes, Esq.
Nevada Bar No. 12782
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone: (702) 382-2101
Facsimile:  (702) 382-8135
Email: asegal@bhfs.com
Email: bcloveland@bhfs.com
Email: chumes@bhfs.com

*Attorneys for Plaintiff Nevada Resort Association-International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada Local 720 Pension Trust*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NEVADA RESORT ASSOCIATION – INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA LOCAL 720 PENSION TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>JB VIVA VEGAS, L.P.,<br><br>Defendant. | CASE NO.:<br><br><br><br><br>**COMPLAINT** |

Plaintiff alleges:

1. The Nevada Resort Association-International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada Local 720 Pension Trust (the "Plan") brings this action pursuant to 29 U.S.C. § 1401(b)(2) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and pursuant to the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), to modify a final arbitration

19035194                                1

award ("Arbitration Award") by arbitrator John E. Sands ("the Arbitrator"), dated March 19, 2019. *See* Ex. 1 (Arbitration Award).

2. The Arbitration Award held that JB Viva Vegas, L.P. ("JB") does not owe the Plan withdrawal liability because of the "entertainment industry" exception to liability. The Plan seeks a judgment or order that modifies the Arbitration Award, in order to correct multiple erroneous conclusions of fact and law, and enter judgment instead in favor of the Plan.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132, 29 U.S.C. § 1401(b)(2) and § 1451(c).

4. Venue is proper in this Court pursuant to 29 U.S.C. § 1451(d), because the Plan is administered in Las Vegas, Nevada.

## PARTIES

5. The Plan is an "employee benefit pension plan" as defined in 29 U.S.C. § 1002(2); and a "multiemployer plan" as defined in 29 U.S.C. §§ 1002(37) and 1301(a)(3).

6. JB is a Nevada limited partnership with its principal executive office located at 311 East 43rd St., New York, New York, and is an employer within the meaning of 29 U.S.C. § 1002(5).

## FACTUAL AND PROCEDURAL BACKGROUND

7. JB was signatory to a collective bargaining agreement that required JB to make employee benefit contributions to the Plan, beginning in approximately April 2008. Ex. 2 (Excerpts of CBA), at Art. 9.

8. An employer, like JB, must pay its pro rata share of unfunded liability if and when it withdraws from a union pension plan, like the Plan (29 U.S.C. § 1383(a)), but may escape withdrawal liability if it is a temporary entertainment employer contributing to an entertainment plan on the date of its withdrawal. *See* 29 U.S.C. § 1383(c).

9. While the Plan had, historically, primarily covered employees in the entertainment industry, the growth of convention work caused the Plan to lose its status as an entertainment plan at least by 2010, as determined by the Plan's Trustees pursuant to an audit performed in August

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1  2013. Ex. 3 (Albach and Cook Aff'ds). The Plan thereafter acknowledged the loss of its
2  entertainment plan status in the April 1, 2014, restatement of the Plan. Ex. 4 (Excerpts of 2014
3  Plan Document), at § 15.13. Following even more losses of entertainment work (closure of Lion
4  King and Phantom shows), the Plan's status is confirmed to this day by the sworn affidavit of a
5  current Trustee.  Ex. 5 (Menzel Aff'd), at 2 ¶ 12. There is no contrary evidence in the record.

6  10.  Concurrently, the Plan's Trustees amended the Plan, effective July 11, 2011,
7  pursuant to 29 U.S.C. § 1383(c)(4) (the "Amendment") and approval from the federal agency
8  with sole authority to do so, the "PBGC," to limit application of the entertainment industry
9  exception (should the Plan be, at any time, an entertainment plan), to small, temporary employers.
10  Ex. 6 (Amendment); Ex. 7 (PBGC Approval).

11  11.  On May 20, 2016, JB filed a declaratory judgment action in the District of Nevada
12  against the Plan, seeking an order that the Amendment violated ERISA. *See J. B. Viva Vegas,*
13  *L.P. v. Nevada Resort Association - IATSE Retirement Local 720 Pension Plan,* Case No. 2:16-
14  cv-01130-APG-NJK (D. Nev. May 20, 2016).

15  12.  On September 18, 2016, JB withdrew from the Plan, as defined in 29 U.S.C.
16  § 1383. On September 22, 2016, the Plan sent a demand to JB for withdrawal liability in the
17  amount of $913,315. Ex. 8 (Withdrawal Liability Demand).

18  13.  On October 18, 2017, the Parties filed motions for summary judgment, in which
19  the Plan reiterated its determinations that the entertainment industry exception did not apply to JB
20  because the Plan is not an entertainment plan, and JB was not a temporary employer under the
21  Amendment or the law. The court granted the Plan's Motion for Summary Judgment and ruled
22  that the dispute must be arbitrated pursuant to MPPAA.

23  14.  Under 29 U.S.C. § 1401(a)(3)(A), the Trustees' determinations that the Plan is not
24  an entertainment plan and that the entertainment exception did not apply to JB are "presumed
25  correct unless the party contesting the determination shows by a preponderance of evidence that
26  the determination was unreasonable or clearly erroneous," and thus, the burden of proof lies
27  solely upon JB. *Concrete Pipe & Products of Cal., Inc. v. Construction Laborers Pension Trust*
28  *for Southern Cal.,* 508 U.S. 602, 629 (1993).

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

15. During the arbitration, JB conducted no discovery, called no witnesses, and presented no evidence. The Parties submitted briefs and response briefs to the Arbitrator, in which the Plan reiterated its determinations that the entertainment industry exception did not apply to JB because the Plan is not an entertainment plan, and JB was not a temporary employer under the Amendment or the law.

16. On March 20, 2019, the Arbitrator issued the Arbitration Award, in which he speculated that the Plan might have transformed back into an entertainment plan at some point in time, displaced the PBGC's approval of the Amendment with his own disapproval, gave weight to JB's subjective expectation that it could use the entertainment exception to escape liability, and, with respect to all the Plan's contrary determinations throughout this case, placed the burden of proof on the Plan instead of JB.

## SOLE CAUSE OF ACTION

17. The Plan seeks a modification of the Arbitration Award due to its clear errors of fact and law. The errors of fact and law include, but are not limited to:

18. The Arbitration Award applies the entertainment industry exception to withdrawal liability, in favor of JB, without a threshold factual finding that the Plan is an entertainment plan, which is a mandatory requirement for application of that exception. 29 U.S.C. 1383(c)(1). The only evidence in the record shows that the Plan is *not* an entertainment industry plan, and was not on the date of JB's withdrawal.

19. The Arbitration Award erroneously places the burden of proof on the Plan to show that it did not transform back into an entertainment plan as of the date of JB's withdrawal, contrary to the binding applicable law. 29 U.S.C. § 1401(a)(3)(A); *Concrete Pipe & Products of Cal., Inc. v. Construction Laborers Pension Trust for Southern Cal.,* 508 U.S. 602, 629 (1993).

20. The Arbitration Award erroneously fails to require JB to sustain its burden of proof on any issue in the case, or even acknowledge the applicable burden of proof or how it was satisfied by JB.

21. The Arbitration Award erroneously applies the entertainment industry exception to time periods other than the date of JB's withdrawal. 29 U.S.C. § 1383(c).

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

22. The Arbitration Award erroneously relies on JB's subjective expectations as to whether it could benefit from the entertainment industry exception, which is not a valid element of the test or relevant to its application. *See id.*

23. The Arbitration Award erroneously limits the Plan's authority to adopt the Amendment, under 29 U.S.C. § 1383(c)(4), to any group or class of employers, as if that authority was derived instead from 29 U.S.C. § 1383(c)(3) (limiting the PBGC, *but not plans*, to a defined list of employer groups and classes).

24. The Arbitration Award erroneously determined that any employer whose operations close down is "temporary" for purposes of the entertainment industry exception, disregarding the Trustees' one-year limitation in the Amendment, and in effect, removing any significance of the word "temporary" from the statute, inasmuch as all businesses eventually close down.

25. The Arbitration Award erroneously displaces the PBGC's exclusive authority to approve or disapprove entertainment exception limitations.

26. The Plan therefore seeks judicial review of the Arbitration Award due to the above clear errors of fact and law, among others that will be fully briefed at such time as the Court determines, and requests an Order modifying the Arbitration Award correcting these errors, and finding that (1) the Plan's Amendment is valid under ERISA and MPPAA; (2) the Plan is not an entertainment plan to which the Entertainment Exception might apply; and (3) JB is not the short-term entertainment employer that is contemplated by the Entertainment Exception.

///

///

19035194

5

WHEREFORE, the Plan prays for the following relief:

1. An Order from this Court modifying the Arbitration Award to correct its erroneous conclusions of fact and law, and entering judgment in favor of the Plan;

3. For the Plan's reasonable attorney's fees and costs;

4. For other equitable relief as provided by ERISA and MPPAA; and

5. For any other relief the Court deems appropriate.

Dated this 22nd day of March, 2019.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

 /s/ Christopher M. Humes
Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
Christopher M. Humes, Esq.
Nevada Bar No. 12782
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614

*Attorneys for Plaintiff Nevada Resort Association-International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada Local 720 Pension Trust*

19035194

6