Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
Christopher M. Humes, Esq.
Nevada Bar No. 12782
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone:  (702) 382-2101
Facsimile:    (702) 382-8135
Email: asegal@bhfs.com
Email: bcloveland@bhfs.com
Email: chumes@bhfs.com

*Attorneys for Plaintiff Nevada Resort Association-*
*International Alliance of Theatrical Stage Employees*
*and Moving Picture Machine Operators of the United*
*States and Canada Local 720 Pension Trust*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NEVADA RESORT ASSOCIATION – INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA LOCAL 720 PENSION TRUST,<br><br>Plaintiff/Counter-Defendant,<br><br>vs.<br><br>JB VIVA VEGAS, L.P.,<br><br>Defendant/Counter-Plaintiff. | CASE NO.: 2:19-cv-00499-JAD-VCF<br><br><br><br>**AMENDED JOINT REQUEST FOR BRIEFING SCHEDULE**<br><br><br>[ECF No. 73] |

Plaintiff/Counter-Defendant, Nevada Resort Association-International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada Local 720 Pension Trust (the "Pension Trust") and Defendant/Counter-Plaintiff, JB Viva Vegas, L.P. ("JB") (collectively, the "Parties"), by and through their undersigned counsels of record, hereby provide an amended request for a briefing schedule so that the Parties can present argument regarding the remaining issues in this matter.

1

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

50198426.2

On January 29, 2026, the Parties previously submitted a joint request for a briefing schedule. ECF No. 70. In response, the Court requested that the Parties explain the parties' respective positions on what the issues remained in the case and logistically how this case should proceed on remand. ECF No. 72, filed Jan. 29, 2026. The Parties met and conferred and agreed to provide separate position statements regarding their views on what issues remain in the case, which are outlined immediately below.

**Pension Trust's Position on Remaining Issues:**

1.    Whether the Plan's § 1383(c)(4) amendment, precluding application of the withdrawal liability entertainment exception to large, long-term employers like JB, applies in this case, especially in light of the Ninth Circuit's prior decision in this case limiting entertainment rule provisions to their exact wording (§ 1383(c)(4) does not include the phrase "described in the preceding sentence" contained in subsection (c)(3) and instead says "under the plan") and the PBGC's approval of the amendment.

2.    Whether the longest running show in Las Vegas history, with no predetermined ending date, was "temporary" as required to apply the entertainment exception to withdrawal liability in § 1383(c).

**JB's Position on Remaining Issues:**

1.    Did the Arbitrator correctly determine in his March 19, 2019, Decision that ERISA's Entertainment Rule applied to JB and, therefore, JB did not owe the Fund any withdrawal liability and is entitled to a refund of all withdrawal liability payments made, plus the interest on such payments required on overpaid withdrawal liability in PBGC regulation 29 C.F.R. 4219.31(d), at the interest rate required by 29 C.F.R. 4219.31(c).

2.    Was the Arbitrator's factual determination that *Jersey Boys* was a temporary run-of-the-show project—similar to long-running Broadway shows described in the Entertainment Rule's legislative history that explains the purpose for having the Entertainment Rule—reasonable and, therefore, entitled to deference under 29 U.S.C § 1401(c)?

50198426.2

3.    Did the Arbitrator correctly determine that the Fund's Amendment Seven was inconsistent with ERISA's definition of "group or class" of employer set forth in 29 U.S.C § 1383 (c)(2), for purposes of ERISA subsection 1383(c)(1)-(c)(4), which defines "group or class" of employer based on the type of work, and not the duration or amount of contributions, and was therefore unenforceable.    The Ninth Circuit's prior decision in this case interpreted the Entertainment Rule provisions consistent with the plain unambiguous language of the statute, and under the plain unambiguous language of 29 U.S.C § 1383 (c)(4), an Entertainment Plan may only exclude employers based their "group or class" as that phrase is defined for purposes of ERISA subsection 1383(c)(1)-(c)(4), and not the amount or duration of contributions.

/ / /

/ / /

/ / /

3

BROWNSTEIN HYATT FARBER SCHRECK, LLP

50198426.2

Regardless of the Parties' differing positions on what issues remain, the Parties agree that logistically, the Parties should submit a round of briefing regarding what the Court determines as the issues still in dispute. Accordingly, the Parties request that Court approve the following briefing schedule:

| | |
|---|---|
| Dispositive Motions: | March 13, 2026 |
| Oppositions: | March 30, 2026 |
| Replies: | April 13, 2026 |

Dated this 9th day of February, 2026.

| | |
|---|---|
| BROWNSTEIN HYATT FARBER SCHRECK, LLP | LITTLER MENDELSON, P.C. |
| /s/ Christopher M. Humes | /s/ Eric D. Field |
| Adam P. Segal, Esq. | Kelsey E. Stegall |
| Nevada Bar No. 6120 | Nevada State Bar No. 14279 |
| Bryce C. Loveland, Esq. | LITTLER MENDELSON, P.C. |
| Nevada Bar No. 10132 | 3960 Howard Hughes Parkway |
| Christopher M. Humes, Esq. | Suite 300 |
| Nevada Bar No. 12782 | Las Vegas, Nevada 89169.5937 |
| 100 North City Parkway, Suite 1600 | |
| Las Vegas, Nevada 89106-4614 | Eric Field (Pro Hac Vice) |
| | Lawrence Levien (Pro Hac Vice) |
| *Attorneys for Plaintiff Nevada Resort Association- International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada Local 720 Pension Trust* | Littler Mendelson, P.C. |
| | 815 Connecticut Ave, NW |
| | Washington, D.C. 20006 |
| | *Attorneys for Defendant JB Viva Vegas, L.P.* |

ORDER

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: February 10, 2026

CASE NO.: 2:19-cv-00499-JAD-DJA

4

50198426.2

BROWNSTEIN HYATT FARBER SCHRECK, LLP